AMBIKA KUMAR (admitted *pro hac vice*)
  ambikakumar@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8030

ADAM S. SIEFF (CA Bar No. 302030)
  adamsieff@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800

ROBERT CORN-REVERE (admitted *pro hac vice*)
  bobcornrevere@dwt.com
DAVID M. GOSSETT (admitted *pro hac vice*)
  davidgossett@dwt.com
MEENAKSHI KRISHNAN (admitted *pro hac vice*)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200

Attorneys for Plaintiff
NETCHOICE, LLC d/b/a NetChoice

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE, LLC d/b/a NetChoice,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity,<br><br>　　　　Defendant. | Case No. 5:22-cv-08861-BLF<br><br>**[PROPOSED] ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Judge:　Hon. Beth Labson Freeman<br>Date:　　June 22, 2023<br>Time:　　9:00 a.m.<br>Dept.:　Courtroom 3 – 5th Floor<br><br>Action Filed:  December 14, 2022 |

This matter came before the Court for hearing on June 22, 2023.  The Court has considered the testimony and evidence and any argument of counsel and makes the following findings of fact and conclusions of law.

## I.  FINDINGS OF FACT

1. Plaintiff NetChoice, LLC (NetChoice) has provided notice of its motion for preliminary injunction to Defendant.

2. The California Age Appropriate Design Code Act (AB 2273) may be enforced beginning July 1, 2024, unless the law is enjoined by this Court.

3. NetChoice members must take immediate actions, well before July 1, 2024, to comply with AB 2273.  *See, e.g.*, Cairella Decl. ¶¶ 14, 19, 22; Masnick Decl. ¶¶ 10, 11-13, 15, 19; Paolucci Decl. ¶¶ 15-16.  These actions include expending considerable sums to redesign their operations.  *Id.*

4. NetChoice members have and will continue to suffer actual concrete injuries from their efforts to comply with AB 2273, or else by facing its penalties.  *See, e.g.*, Cairella Decl. ¶¶ 14, 19, 20, 22; Masnick Decl. ¶¶ 9-19; Paolucci Decl. ¶¶ 15-16.

5. If not enjoined, AB 2273 would chill vast amounts of speech.  *See, e.g.*, Cairella Decl. ¶¶ 12-14, 19-20, 22; Masnick Decl. ¶¶ 14-19; Paolucci Decl. ¶¶ 11-14, 17-18.

6. If not enjoined, AB 2273 would in practical effect apply globally: NetChoice members would likely need to apply its requirements to all internet users, of all ages, in all parts of the world.  *See, e.g.*, Masnick Decl. ¶ 14-16; Paolucci Decl. ¶ 17.

7. The internet-using public will suffer actual concrete injuries from the speech-chilling enforcement of AB 2273.  *See, e.g.*, Cairella Decl. ¶¶ 12-14, 20-21; Masnick Decl. ¶¶ 13, 16; Paolucci Decl. ¶¶ 11-14, 18-19.

8. Neither the State nor the public would suffer any actual concrete injury if AB 2273 were enjoined to maintain the status quo.

## II.  CONCLUSIONS OF LAW

1. NetChoice, an organization that represents its members, has associational standing to bring this lawsuit.  NetChoice's claims are ripe because AB 2273 threatens and has already

[PROPOSED] ORDER AND FINDINGS AND CONCLUSIONS
Case No 5:22-cv-08861-BLF

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  caused NetChoice's members to suffer actual, imminent, concrete, or certainly impending injuries. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167-68 (2014); *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

2. As set forth below, NetChoice has shown a likelihood of success on the merits of its claims for relief moved upon; that it would suffer irreparable harm if AB 2273 were not enjoined; that the balance of equity tips strongly in favor of an injunction barring enforcement of AB 2273; and that the public interest also strongly supports issuance of an injunction.

3. NetChoice has shown a likelihood of success on its claim that AB 2273 violates the First Amendment because it effects an unlawful prior restraint through: (i) the law's Data Protection Impact Assessment (DPIA) requirements, (ii) the content policy enforcement rule, and (iii) the age-verification rule. *See, e.g.*, *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67, 70-71 (1963); *Interstate Cir., Inc. v. City of Dallas*, 390 U.S. 676, 678-88 (1968).

4. NetChoice has shown a likelihood of success on the merits of its claim that AB 2273 violates the First Amendment because AB 2273 is overbroad. *See, e.g.*, *Ashcroft v. ACLU*, 542 U.S. 656, 666-70 (2004); *United States v. Stevens*, 559 U.S. 460, 473 (2010).

5. NetChoice has shown a likelihood of success on the merits of its claim that AB 2273 violates the First Amendment because it applies standards and rules that are impermissibly vague. *See, e.g.*, *Holder v. Humanitarian Law Project*, 561 U.S. 1, 19 (2010); *Butcher v. Knudsen*, 38 F.4th 1163, 1169 (9th Cir. 2022); *United States v. Hall*, 912 F.3d 1224, 1227 (9th Cir. 2019) (per curiam).

6. NetChoice has shown a likelihood of success on the merits of its claim that the Act violates the First Amendment because AB 2273 regulates speech based on content and does not satisfy the applicable level of scrutiny. Because AB 2273 regulates speech based on content and speaker, it must survive strict scrutiny. *See Reed v. Town of Gilbert,* 576 U.S. 155, 163-64, 168-69 (2015). AB 2273 fails strict scrutiny because the State has failed to show the law (i) is necessary to serve a compelling state interest and (ii) provides the least restrictive means of achieving that interest. *See, e.g.*, *United States v. Playboy Entm't Grp.*, 529 U.S. 803, 813, 816, 820-21 (2000); *Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 794-98 (2011).

2

[PROPOSED] ORDER AND FINDINGS AND CONCLUSIONS
Case No 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

7. NetChoice has shown a likelihood of success on the merits of its claim that AB 2273 violates the Commerce Clause, which limits the power of states to "directly control[]" or "unduly burden interstate commerce." *Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1323 (9th Cir. 2015) (en banc) (citations omitted). AB 2273 (i) unlawfully regulates extraterritorially because the "practical effect" of the law is to "control conduct" "wholly outside" the State of California, *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989); and (ii) unduly burdens interstate commerce in violation of the rule in *Pike v. Bruce Church. Inc.*, 397 U.S. 137, 142 (1970), by "regulating subjects that are in their nature national, or admit only of one uniform system, or plan of regulation," *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 88-89 (1987) (quotation omitted), in a manner that is clearly excessive in relation to any putative local benefits.

8. NetChoice has shown a likelihood of success on the merits of its claim that AB 2273 is preempted by the Children's Online Privacy Protection Act (COPPA), 15 U.S.C. §§ 6501 *et seq.*, because AB 2273 imposes legal obligations that are inconsistent with federal law. *See Jones v. Google LLC*, 56 F.4th 735, 741-42 (9th Cir. 2022).

9. NetChoice has shown a likelihood of success on the merits of its claim that AB 2273 is preempted by Section 230 of the Communications Decency Act, 47 U.S.C. § 230. Section 230 preempts AB 2273's requirement that online providers enforce their own published terms and conditions as to third-party content, as well as AB 2273's restrictions on the use of user information to publish third-party content. *See, e.g.*, *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1104-05 (9th Cir. 2009).

10. Because enforcement of AB 2273 will result in the loss of First Amendment rights, NetChoice and its members will suffer irreparable harm absent an injunction. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976). Additionally, NetChoice has shown it will suffer irreparable harm if the State is allowed to enforce the Act because NetChoice and its members will be forced to choose between complying with an unconstitutional law or risking substantial financial injury. *See Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1058-59 (9th Cir. 2009). And NetChoice has also shown it and its members will suffer irreparable injury from any monetary expenses it incurs to comply with the law, because sovereign immunity would bar later recovery of those

3
[PROPOSED] ORDER AND FINDINGS AND CONCLUSIONS
Case No 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

damages should the law later be enjoined. *See Video Gaming Techs., Inc. v. Bureau of Gambling Control*, 356 F. App'x 89, 93 (9th Cir. 2009).

11. Equity tips sharply in favor of an injunction since the State "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); *see also Sanders Cnty. Republican Cent. Comm. v. Bullock*, 698 F.3d 741, 749 (9th Cir. 2012). The public interest also strongly supports issuance of an injunction because the public has a "fundamental interest in the protection of all people's" constitutional rights, *Klein v. City of Laguna Beach*, 381 F. App'x 723, 727 (9th Cir. 2010), particularly when, as here, permitting "enforcement" of the AB 2273 "would infringe not only the free expression interests of plaintiffs, but also the interests of other people subjected to the same restrictions," *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) (internal quotation marks omitted).

THEREFORE, the Court ORDERS as follows:

(A) Defendant and anyone acting in active concert with his office are immediately RESTRAINED from taking any actions to enforce AB 2273 under the law in any way;

(B) This PRELIMINARY INJUNCTION will issue without the requirement of any security bond because NetChoice has shown a likelihood of success on its claims. The Court additionally finds that Defendant will suffer no harm from maintaining the status quo.

(C) This PRELIMINARY INJUNCTION shall take effect immediately and remain in effect until otherwise ordered by the Court.

SO ORDERED this _____ day of ____, 2023.

_____
Hon. Beth Labson Freeman
UNITED STATES DISTRICT JUDGE

4
[PROPOSED] ORDER AND FINDINGS AND CONCLUSIONS
Case No 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Presented by:

DAVIS WRIGHT TREMAINE LLP

*/s/ Ambika Kumar*
Ambika Kumar

Counsel for Plaintiff
NETCHOICE, LLC d/b/a NetChoice

5

[PROPOSED] ORDER AND FINDINGS AND CONCLUSIONS
Case No 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899