ROBERT E. DUNN (Bar No. 275600)
EIMER STAHL LLP
99 S. Almaden Blvd, Suite 600
San Jose, CA 95113
408.889.1690
rdunn@EimerStahl.com

MEGAN L. BROWN (*pro hac vice pending*)
KATHLEEN E. SCOTT (*pro hac vice pending*)
BOYD GARRIOTT (*pro hac vice pending*)
WILEY REIN LLP
2050 M St NW
Washington, DC 20036
202.719.7000
mbrown@wiley.law
kscott@wiley.law
bgarriott@wiley.law

*Attorneys for Amicus Curiae,*
*Chamber of Commerce of the United States of America*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NETCHOICE, LLC d/b/a NetChoice,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity,<br><br>Defendant. | Case No. 5:22-cv-08861-BLF<br><br>**THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* AND TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Honorable Beth Labson Freeman |

The Chamber of Commerce of the United States of America's Unopposed Motion for Leave to Appear As Amicus Curiae and to File an Amicus Curiae Brief In Support of Plaintiff's Motion for Preliminary Injunction, Case No. 5:22-cv-08861-BLF

The Chamber of Commerce of the United States moves for leave to appear as amicus curiae and to file the attached brief in support of Plaintiff NetChoice LLC's motion for preliminary injunction, Dkt. No. 29. Plaintiff consents to this Motion. Defendant takes no position on this Motion.

"The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (Armstrong, J.). Amici "fulfill[] the[ir] classic role" by "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).

Allowing the Chamber to participate as amicus curiae would assist the Court. The Chamber of Commerce of the United States is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country. Many of the Chamber's members participate in marketing and advertising products and services over the Internet to the public at large, a group that inherently includes children. As a result, the Chamber is well-positioned to discuss how businesses across the state and country are affected by the California statute at issue in this case.

The Chamber's proposed brief will assist the Court in resolving the important Children's Online Privacy Protection Act ("COPPA") preemption issue raised by Plaintiff. The Chamber regularly litigates issues of federal preemption. *See, e.g.*, *Chamber of Com. of the United States of Am. v. Bonta*, No. 20-15291, 2023 WL 2013326 (9th Cir. Feb. 15, 2023). The Chamber is currently participating as an amicus curiae in the Ninth Circuit's consideration of the scope of COPPA preemption. *See* Amicus Br. of Chamber In Support of Rehearing En Banc, *Jones v. Google*, No. 21-16281 (9th Cir. Feb. 2, 2023). Finally, the proposed brief's analysis and application of COPPA's

1

The Chamber of Commerce of the United States of America's Unopposed Motion for Leave to Appear As Amicus Curiae and to File an Amicus Curiae Brief In Support of Plaintiff's Motion for Preliminary Injunction, Case No. 5:22-cv-08861-BLF

text, structure, and legislative history will "provide[] insight" "helpful to deciding" the preemption issue before this Court. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 764 (7th Cir. 2020).

     For the foregoing reasons, the Chamber respectfully requests that the Court grant this Motion and accept for filing the accompanying amicus curiae brief.

Dated: February 24, 2023         Respectfully Submitted,

/s/ Robert E. Dunn
Robert E. Dunn (Bar No. 275600)
**EIMER STAHL LLP**
99 S. Almaden Blvd, Suite 600
San Jose, CA 95113
408.889.1690
rdunn@EimerStahl.com

Megan L. Brown (*pro hac vice pending*)
Kathleen E. Scott (*pro hac vice pending*)
Boyd Garriott (*pro hac pending*)
**WILEY REIN LLP**
2050 M St NW
Washington, DC 20036
202.719.7000
mbrown@wiley.law
kscott@wiley.law
bgarriott@wiley.law

*Attorneys for Amicus Curiae,*
*Chamber of Commerce of the United States*
*of America*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 24, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Robert E. Dunn
Robert E. Dunn