ROB BONTA
Attorney General of California
ANYA M. BINSACCA, SBN 189613
Supervising Deputy Attorney General
NICOLE KAU, SBN 292026
ELIZABETH K. WATSON, SBN 295221
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3847
 E-mail:  Elizabeth.Watson@doj.ca.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **NETCHOICE, LLC d/b/a NetChoice,**<br><br>Plaintiff,<br><br>v.<br><br>**ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity,**<br><br>Defendant. | Case No. 5:22-cv-08861-BLF<br><br>**DECLARATION OF ELIZABETH K. WATSON IN SUPPORT OF DEFENDANT'S MOTION TO CHANGE TIME** |

1. I am a Deputy Attorney General at the California Department of Justice in the Government Law Section and lead counsel for Defendant.

2. I have personal knowledge of the contents of this declaration and I could and would testify competently thereto if called upon to do so.

3. I respectfully request that this Court change the hearing date on Plaintiff's Motion for Preliminary Injunction from June 22, 2023 to a date on or after July 20, 2023, in order to accommodate my preexisting travel plans and those of my lead supervising attorney.

4. California Governor Gavin Newsom signed the California Age Appropriate Design Code Act on September 15, 2022.

1   5.  On December 14, 2022, Plaintiff filed a suit challenging the constitutionality of the
2   Act.
3   6.  By its own terms, enforcement of the Act is set to begin on July 1, 2024. Cal. Civ.
4   Code § 1798.99.33(a), (b).
5   7.  I entered an appearance in this case on December 27, 2022. ECF No. 18.
6   8.  On January 15, 2023, I booked an international flight which departs June 12, 2023
7   and returns June 23, 2023. In the subsequent weeks, I booked other accommodations for my time
8   abroad.
9   9.  On January 24, 2023, the parties entered into a stipulation proposing a preliminary
10  injunction briefing schedule. In their stipulation, the parties agreed Plaintiff's brief would be due
11  February 17, 2023, Defendant's response brief would be due April 21, 2023, and both sides
12  would be allowed 45 pages for their principal briefs. ECF No. 27.
13  10. On January 26, 2023, this Court issued an order adopting the parties proposed
14  deadlines, but limiting the principal briefs to 30 pages. ECF No. 28.
15  11. On February 17, 2023, the Plaintiff filed their opening brief in support of its Motion
16  for Preliminary Injunction and noticed a hearing on the motion for June 22, 2023. Plaintiff's
17  counsel did not consult with Defendant's counsel on the hearing date before noticing the hearing.
18  12. On February 22, 2023, I left a voicemail for the Court informing it of my conflict and
19  requesting a change of hearing date.
20  13. On February 23, 2023, I followed up with an email to the Court and Plaintiff's
21  counsel to inform them that I would be out of the country from June 12 to June 23 and that my
22  supervisor would be out of the country from July 1 to July 17. I requested that the hearing date be
23  rescheduled to accommodate these preexisting plans.
24  14. Between February 22 and February 28, I conferred with Plaintiff's counsel via email
25  about possible new hearing dates. I requested Plaintiff agree to a hearing date on or after July 20,
26  2023. Plaintiff's counsel would not agree to this request, but was willing to stipulate to a hearing
27  the week of June 26, 2023, the week immediately after I return to the country and the week
28  immediately before the lead supervising counsel is set to leave the country. Alternatively,

1  Plaintiff's counsel suggested that Defendant's counsel agree to shorten the time to write our

2  opposition brief so that the hearing might take place before I leave the country on June 12, 2023.

3      15.    Because enforcement of this law is not set to begin until July 1, 2024, Defendant is

4  not inclined to agree to a schedule that unduly compresses either the time to prepare for hearing

5  or the time to prepare briefing.

6      16.    Due to a miscommunication with the Court, I filed a Notice of Unavailability and

7  Request for Continuance on February 28 that formally informed the Court of Defendant's

8  counsels' travel plans, requested a continuance of the preliminary injunction hearing to a date on

9  or after July 20, 2023, and noted Plaintiff's opposition to the request.

10      17.    That request was denied without prejudice, and I was instructed to file a Motion to

11  Change Time.  ECF No. 39.

12      18.    I have been the lead counsel on this case since it was filed nearly three months ago.  I

13  have spent considerable time preparing to defend the Act and arranged my schedule and

14  caseload around the briefing schedule this Court ordered over a month ago.  This is a

15  complicated case. Plaintiff's Motion includes at least eight separate constitutional arguments.

16  Replacing lead counsel at this late date would be impractical and would unfairly disadvantage the

17  Defendant.

18      19.    Continuing the preliminary injunction hearing to a date on or after July 20, 2023, will

19  still leave this Court with considerable time—nearly a year before the date enforcement begins

20  —to consider the parties arguments and issue a decision.

21      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

22  and correct.

23

24  Dated:  March 7, 2023

                                                                       */s/ Elizabeth K. Watson*
25                                                                         Elizabeth K. Watson