AMBIKA KUMAR (*pro hac vice*)
  ambikakumar@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8030

ADAM S. SIEFF (CA Bar No. 302030)
  adamsieff@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800

ROBERT CORN-REVERE (*pro hac vice*)
  bobcornrevere@dwt.com
DAVID M. GOSSETT (*pro hac vice*)
  davidgossett@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200

Attorneys for Plaintiff
NETCHOICE, LLC d/b/a NetChoice

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE, LLC d/b/a NetChoice,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity,<br><br>　　　　Defendant. | Case No. 5:22-cv-08861-BLF<br><br>**NETCHOICE'S RESPONSE TO MOTION TO CHANGE TIME** |

RESPONSE TO MOTION TO CHANGE TIME
Case No. 5:22-cv-08861-BLF

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff NetChoice files this response to the State's request to continue the hearing date on Plaintiff's motion for preliminary injunction from June 22, 2023 to on or after July 20, 2023. Subject to the Court's availability, and in light of the important and time-sensitive First Amendment issues raised by the motion, NetChoice respectfully asks the Court to set a hearing date for June 8, 2023, or during the week of June 26. If, however, the Court cannot accommodate a hearing on those dates, NetChoice is available for a hearing on July 20 or 27, which is consistent with the relief requested by the State.

### A. Background

NetChoice filed this lawsuit on December 14, 2022, to invalidate and enjoin California AB 2273, a sweeping attempt to censor online content. *See* Dkt. 1. Two days later, the State asked for a two-month extension to respond to the Complaint, to March 6, 2023. Kumar Decl. ¶ 2. NetChoice explained it intended to file a motion for preliminary injunction and proposed a briefing schedule that would begin February 10, 2023, and end April 7, 2022. *Id.* NetChoice agreed to build in more time for the briefing—including a requested 60 days for the State to oppose NetChoice's motion. *Id.* The State did not inform NetChoice that its counsel would be unavailable to participate in the case for a five-week period beginning June 12, a fact that would have changed NetChoice's position on the State's request for a longer briefing schedule. *Id.* On January 24, 2023, the parties stipulated to a schedule under which NetChoice would file its motion on February 17, with briefing to close May 19. *See* Dkt. 27. The Court adopted the parties' proposal and required that any hearing take place at least four weeks after the close of briefing. Dkt. 28. NetChoice filed its motion on February 17, 2023, and noted it for hearing on the first available date that complied with the Court's order, June 22, 2023. Dkt. 29.

On February 23, 2023, the State contacted the Court, indicating that its lead counsel would be out of the country June 12 to June 24, and that her co-counsel would be out of the country from July 1 to July 17. Kumar Decl. ¶ 3. Not wanting to disrupt these vacation plans, NetChoice proposed two alternatives—to set the hearing for the week of June 26, when both of the State's attorneys would be in town, or to shorten the State's response time by one week (to 53 days), and set the hearing for June 8, before the scheduled vacations. *Id.* The State refused both offers.

2
RESPONSE TO MOTION TO CHANGE TIME
Case No. 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The Court denied the request without prejudice, Dkt. 39, and on March 7, 2023, the State filed a motion seeking the same relief, Dkt. 46. NetChoice again approached the State, this time offering to cut the time allocated for its *own* reply brief by more than a week, which would allow for a hearing on June 8, 2023—before either of the State counsel's vacations. Kumar Decl. ¶ 3. Although the State agreed, upon contacting the Court, the parties learned that June 8 is not available and that the Court is now setting hearings in late July. *Id.* ¶ 4.

### B. Harm from a Lengthy Continuance

The State claims a delay is acceptable because "enforcement of the challenged law is still over a year away." Mot. at 3. But NetChoice's members are already experiencing irreparable harm because of the actions they must take in anticipation of the enforcement date. A prompt decision is needed to redress these harms.

Even though the State cannot enforce AB 2273 until 2024, the law requires providers to assess the risk that features or services introduced *before* 2024 will expose minors to "harmful" content. Cal. Civ. Code § 1798.99; Cal. Civ. Code § 1798.99.31(a)(1)(2). This requirement violates the First Amendment and is already deterring providers from introducing features or services that the State might deem "harmful." *See also, e.g.,* Szabo Decl. (Dkt. 29-21) ¶ 18 ("Though the law does not take effect until next year, its expressive harms are enormous, immediate, and irreparable now."); Paolucci Decl. (Dkt. 29-28) ¶ 17 (one provider testifying it has already been "forced to consider whether our site can continue to operate at all"); Cairella Decl. (Dkt. 29-22) ¶ 19 (law will "force IMDb to err on the side of caution where there is any doubt about how the State might react to particular content"). The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). This is true "even if" the "chill on … free speech rights" derives from the "threat of enforcement." *Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019).

Moreover, NetChoice members have already spent and continue to spend significant resources on compliance, another form of irreparable harm. *See Am. Trucking Ass'n v. City of L.A.*, 559 F.3d 1046, 1058-59 (9th Cir. 2009); *Video Gaming Techs., Inc. v. Bureau of Gambling Control*, 356 F. App'x 89, 93 (9th Cir. 2009). At least three companies provided declarations

3
RESPONSE TO MOTION TO CHANGE TIME
Case No. 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

explaining this.  *See, e.g.,* Sazbo Decl. (Dkt. 29-21) ¶ 17 ("members must start—and are already starting to—prepare for compliance now, including by spending significant resources and preparing for fundamental changes to their services"); Masnick Dec. (Dkt. 29-29) ¶ 17 ("[I]t is not possible to delay complying with a law with an impact of this magnitude.  Techdirt is already starting to spend significant time and resources preparing for potential changes to its services."); Cairella Decl. (Dkt. 29-22) ¶ 22 (IMDb estimating it would take at least six to nine months to comply with statute, as well as considerable resources); Roin Decl. (Dkt. 29-25) ¶ 24 (Goodreads estimating compliance would require many months).

### C. Proposed Hearing Date

In view of these ongoing irreparable injuries, NetChoice respectfully asks the Court to set a hearing for June 8 or during the week of June 26.  If the hearing takes place June 8, NetChoice will file its reply brief on May 11—eight days earlier than currently scheduled—to preserve a four-week gap between the close of briefing and argument.  Alternatively, the Court could set a hearing for the week of June 26, when both the State's attorneys will be in town.  If, however, the Court's schedule does not permit a hearing on either date—as appears to be the case—NetChoice does not wish to disrupt counsel's vacation and so does not object to a continuance until July 20 or July 27.

DATED: March 10, 2023

DAVIS WRIGHT TREMAINE LLP

By: */s/ Ambika Kumar*
      Ambika Kumar

Attorneys for Plaintiff
NetChoice LLC, d/b/a NetChoice

4
RESPONSE TO MOTION TO CHANGE TIME
Case No. 5:22-cv-08861-BLF

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899