AMBIKA KUMAR (admitted *pro hac vice*)
  ambikakumar@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8030

ADAM S. SIEFF (CA Bar No. 302030)
  adamsieff@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800

DAVID M. GOSSETT (admitted *pro hac vice*)
  davidgossett@dwt.com
MEENAKSHI KRISHNAN (admitted *pro hac vice*)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200

ROBERT CORN-REVERE (admitted *pro hac vice*)
  bob.corn-revere@thefire.org
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
700 Pennsylvania Avenue SE, Suite 340
Washington, D.C. 20003
Telephone: (215) 717-3473

Attorneys for Plaintiff
NETCHOICE, LLC d/b/a NetChoice

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE, LLC d/b/a NetChoice,<br><br>    Plaintiff,<br><br>  v.<br><br>ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity,<br><br>    Defendant. | Case No. 5:22-cv-08861-BLF<br><br>**[PROPOSED] ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Judge: Hon. Beth Labson Freeman<br>Date: January 23, 2025<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3 – 5th Floor<br><br>Action Filed: December 14, 2022 |

This matter came before the Court for hearing on January 23, 2025.  The Court has considered the testimony and evidence and any argument of counsel and makes the following findings of fact and conclusions of law.

## I.    FINDINGS OF FACT

1.    Plaintiff NetChoice, LLC (NetChoice) has provided notice of its motion for preliminary injunction to Defendant.

2.    The provisions of the California Age Appropriate Design Code not already enjoined may be enforced beginning March 6, 2025, unless the remainder of the Act is enjoined by this Court.

3.    NetChoice members have already started taking actions to comply with the Act and its remaining provisions, including by expending significant resources and preparing for fundamental changes to their services.  *See, e.g.*, Cairella Decl. ¶¶ 14, 19, 22; Masnick Decl. ¶¶ 10, 11-13, 15, 19; Paolucci Decl. ¶¶ 15-16; Cleland Decl. ¶ 24.  These actions include expending considerable sums to redesign their operations.  *Id.*

4.    NetChoice members have suffered and will continue to suffer actual concrete injuries from their efforts to comply with the Act to avoid facing its penalties.  *See, e.g.*, Cleland Decl. ¶¶ 24-25; Masnick Supp. Decl. ¶¶ 10-11; Paolucci Supp. Decl. ¶ 9; Cairella Decl. ¶¶ 14, 19, 20, 22; Masnick Decl. ¶¶ 9-19; Paolucci Decl. ¶¶ 15-16.

5.    If not enjoined, the Act would chill vast amounts of speech.  *See, e.g.*, Cleland Decl. ¶¶ 13-14, 23; Paolucci Supp. Decl. ¶¶ 3-5, 7-8; Cairella Decl. ¶¶ 12-14, 19-20, 22; Masnick Decl. ¶¶ 14-19; Paolucci Decl. ¶¶ 11-14, 17-18.

6.    If not enjoined, the Act would in practical effect apply globally: NetChoice members would likely need to apply its requirements to all internet users, of all ages, in all parts of the world.  *See, e.g.*, Cleland Decl. ¶ 21; Masnick Supp. Decl. ¶¶ 8-9; Masnick Decl. ¶¶ 14-16; Paolucci Decl. ¶ 17.

7.    The internet-using public will suffer actual concrete injuries from the speech-chilling enforcement of the Act.  *See, e.g.*, Cairella Decl. ¶¶ 12-14, 20-21; Masnick Decl. ¶¶ 13, 16; Paolucci Decl. ¶¶ 11-14, 18-19.

1

[PROPOSED] ORDER AND FINDINGS AND CONCLUSIONS
Case No 5:22-cv-08861-BLF

8.      The record shows the Act's regulatory provisions have the actual effect of regulating or burdening protected expression in every application because of the nature of the Act's content-based scope of coverage definition. *See, e.g.*, Masnick Supp. Decl. ¶¶ 5-6; Paolucci Supp. Decl. ¶ 4. And evidence shows that the predominant and indeed intended application of the Act's regulatory provisions is to regulate speech. The State, by contrast, has not demonstrated that the Act's regulatory provisions have any plausible applications other than to protected speech.

9.      Neither the State nor the public would suffer any actual concrete injury if the Act were enjoined to maintain the status quo.

## II.  CONCLUSIONS OF LAW

1.      NetChoice, an organization that represents its members, has associational standing to bring this lawsuit. NetChoice's claims are ripe because the Act threatens to cause and has already caused NetChoice's members to suffer actual, imminent, concrete, or certainly impending injuries. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167-68 (2014); *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

2.      As set forth below, NetChoice has shown a likelihood of success on the merits of its claims for relief moved upon; that it would suffer irreparable harm if the Act were not enjoined; that the balance of equity tips strongly in favor of an injunction barring enforcement of the Act; and that the public interest also strongly supports issuance of an injunction.

3.      NetChoice has shown a likelihood of success on its claim that each of the Act's remaining provisions violate the First and Fourteenth Amendments on their face because they impermissibly regulate online services based on the content they publish. Because the Act regulates speech based on content and speaker, it must survive strict scrutiny. *See Reed v. Town of Gilbert,* 576 U.S. 155, 163-64, 168-69 (2015). The Act's challenged provisions fail strict scrutiny because the State has failed to show the law (i) is necessary to serve a compelling state interest and (ii) provides the least restrictive means of achieving that interest. *See, e.g.*, *United States v. Playboy Entm't Grp.*, 529 U.S. 803, 813, 816, 820-21 (2000); *Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 794-98 (2011). The Act's challenged provisions fail even intermediate scrutiny because they do not (i) materially advance a substantial government interest unrelated to

[PROPOSED] ORDER AND FINDINGS AND CONCLUSIONS
Case No 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the suppression of speech (ii) through means that suppress no more speech than necessary. *See Turner Broad. Sys., Inc. v. FCC,* 512 U.S. 622, 662-64 (1994).

4.    Each of the challenged provisions is facially unconstitutional because, within the scope of NetChoice's challenge, their unconstitutional applications are "substantial" compared to any "legitimate sweep." *Moody v. NetChoice, LLC,* 144 S. Ct. 2383, 2397-98 (2024).

5.    NetChoice has shown a likelihood of success on its claim that the mandates and prohibitions contained within Sections 1798.99.31(a) and .31(b) violate the First and Fourteenth Amendments to the United States Constitution on their face because, pursuant to the coverage definition in Section 1798.99.30(b)(4), they impermissibly target online services for regulation based on the content they publish.

6.    NetChoice has shown a likelihood of success on its claim that Sections 1798.99.31(a)(1)-(4) violate the First and Fourteenth Amendments on their face and as applied to covered NetChoice members.

7.    NetChoice has shown a likelihood of success on its claim that Section 1798.99.31(a)(5) violates the First and Fourteenth Amendments on its face and as applied to covered NetChoice members.

8.    NetChoice has shown a likelihood of success on its claim that Section 1798.99.31(a)(9) violates the First and Fourteenth Amendments on its face to the extent that section applies to covered services' content policies and community standards, and violates the First and Fourteenth Amendments as applied to covered NetChoice members' enforcement of those policies.

9.    NetChoice has shown a likelihood of success on its claim that Sections 1798.99.31(b)(1)-(4) violate the First and Fourteenth Amendments on their face to the extent those sections apply to covered services' use, retention, sale, and sharing of personal information to publish content or to make information available, and violate the First and Fourteenth Amendments as applied to covered NetChoice members' practices to do so.

10.    NetChoice has shown a likelihood of success on its claim that Section 1798.99.31(b)(7) violates the First and Fourteenth Amendments on its face to the extent that

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

section applies to covered services' use of design features that organize content, and violates the First and Fourteenth Amendments as applied to covered NetChoice members' use of such features.

11.    NetChoice has shown a likelihood of success on the merits of its claim that Sections 1798.99.31(a)(5)-(6) and 1798.99.31(b)(1)-(4) and (7) violate the First and Fourteenth Amendments because they apply standards and rules that are impermissibly vague.  *See, e.g.*, *Holder v. Humanitarian Law Project*, 561 U.S. 1, 19 (2010); *Butcher v. Knudsen*, 38 F.4th 1163, 1169 (9th Cir. 2022); *United States v. Hall*, 912 F.3d 1224, 1227 (9th Cir. 2019) (per curiam).

12.    NetChoice has shown a likelihood of success on the merits of its claim that the mandates and prohibitions contained in Sections 1798.99.31(a) and (b) violate the Commerce Clause, which limits the power of states to "directly control[]" or "unduly burden interstate commerce."  *Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1323 (9th Cir. 2015) (en banc) (citations omitted).  These sections violate the Commerce Clause because they regulate conduct "wholly outside" the State of California in violation of the Constitution's "horizontal separation of powers."  *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 376 n.1 (2023) (citing *Edgar v. MITE Corp.*, 457 U.S. 624, 641-43 (1982)).

13.    NetChoice has shown a likelihood of success on the merits of its claim that Sections 1798.99.31(a)(1)-(5), (9) and 1798.99.31(b)(1)-(4) and (7) are preempted by the Children's Online Privacy Protection Act (COPPA), 15 U.S.C. §§ 6501 *et seq.*, because they impose legal obligations that are inconsistent with federal law.  *See Jones v. Google LLC*, 56 F.4th 735, 741-42 (9th Cir. 2022).

14.    NetChoice has shown a likelihood of success on the merits of its claim that the Act is preempted by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.  Section 230 preempts the requirement in Section 1798.99.31(a)(9) that online providers enforce their own published terms and conditions as to third-party content, as well as the restrictions in Sections 1798.99.31(b)(1), (3)-(4), and (7) to the extent they regulate how covered services may use or share user information to publish third-party content.  *See, e.g.*, *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1104-05 (9th Cir. 2009).

15.    Sections 1798.99.31(a) and (b) are facially invalid because they are neither

[PROPOSED] ORDER AND FINDINGS AND CONCLUSIONS
Case No 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   volitionally nor functionally severable from the already-invalidated Sections 1798.99.31(a)(1)-(4)

2   and 1798.99.35(c).  *See, e.g.*, *People v. Nguyen*, 222 Cal. App. 4th 1168, 1192 (2014); *Cultiva La*

3   *Salud v. California*, 89 Cal. App. 5th 868, 886 (2023).

4        16.    Because enforcement of the Act will result in the loss of First Amendment rights,

5   NetChoice and its members will suffer irreparable harm absent an injunction.  *See Elrod v. Burns*,

6   427 U.S. 347, 373 (1976).  In addition, NetChoice has shown it will suffer irreparable harm if the

7   State is allowed to enforce the Act because NetChoice and its members will be forced to choose

8   between complying with an unconstitutional law or risking substantial financial injury.  *See Am.*

9   *Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1058-59 (9th Cir. 2009).  And NetChoice

10  has also shown it and its members will suffer irreparable injury from any monetary expenses it

11  incurs to comply with the law, because sovereign immunity would bar later recovery of those

12  damages should the law later be enjoined.  *See Video Gaming Techs., Inc. v. Bureau of Gambling*

13  *Control*, 356 F. App'x 89, 93 (9th Cir. 2009).

14       17.    Equity tips sharply in favor of an injunction since the State "cannot reasonably

15  assert that it is harmed in any legally cognizable sense by being enjoined from constitutional

16  violations." *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); *see also Sanders Cnty. Republican*

17  *Cent. Comm. v. Bullock*, 698 F.3d 741, 749 (9th Cir. 2012).  The public interest also strongly

18  supports issuance of an injunction because the public has a "fundamental interest in the protection

19  of all people's" constitutional rights, *Klein v. City of Laguna Beach*, 381 F. App'x 723, 727 (9th

20  Cir. 2010), particularly when, as here, permitting enforcement of the Act "would infringe not only

21  the free expression interests of plaintiffs, but also the interests of other people subjected to the

22  same restrictions," *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) (internal

23  quotation marks omitted).

24       **THEREFORE**, the Court **ORDERS** as follows:

25       (A)    Defendant and his agents, employees, and all persons acting under his direction or

26  control are immediately **RESTRAINED** from taking any action to enforce Sections 1798.99.31(a)

27  and 1798.99.31(b) against all covered entities **[OR ALTERNATIVELY:** as applied to NetChoice

28  and its members**]**, as those provisions, pursuant to the coverage definition in Section

[PROPOSED] ORDER AND FINDINGS AND CONCLUSIONS
Case No 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1798.99.30(b)(4),  impermissibly target online services for regulation based on the content they publish in any application.

(B)    This **PRELIMINARY INJUNCTION** will issue without the requirement of any security bond because NetChoice has shown a likelihood of success on its claims.  The Court additionally finds that Defendant will suffer no harm from maintaining the status quo.

(C)    This **PRELIMINARY INJUNCTION** shall take effect immediately and remain in effect until otherwise ordered by the Court.

SO ORDERED this _____ day of _____, 2025.

_____
Hon. Beth Labson Freeman
UNITED STATES DISTRICT JUDGE

Presented by:

DAVIS WRIGHT TREMAINE LLP

 */s/ Ambika Kumar*
        Ambika Kumar

Counsel for Plaintiff
NETCHOICE, LLC d/b/a NetChoice

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899