AMBIKA KUMAR (*pro hac vice*)
  ambikakumar@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8030

ADAM S. SIEFF (CA Bar No. 302030)
  adamsieff@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800

DAVID M. GOSSETT (*pro hac vice*)
  davidgossett@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200

ROBERT CORN-REVERE (*pro hac vice*)
  bob.corn-revere@thefire.org
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
700 Pennsylvania Avenue SE, Suite 340
Washington, D.C. 20003
Telephone: (215) 717-3473

Attorneys for Plaintiff
NETCHOICE, LLC d/b/a NetChoice

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE, LLC d/b/a NetChoice,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity,<br><br>Defendant. | Case No. 5:22-cv-08861-BLF<br><br>**SUPPLEMENTAL DECLARATION OF MICHAEL MASNICK IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:    January 23, 2025<br>Time:    9:00 A.M.<br>Dept.:   Courtroom 3 – 5th Floor<br><br>Action Filed:  December 14, 2022 |

MASNICK SUPP. DECL. ISO MOT. FOR PRELIM. INJ.
Case No. 5:22-cv-08861-BLF

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

I, Michael Masnick, declare:

1. **Identity of Declarant**.  I am the founder and CEO of Floor64, Inc., a California small business that operates a widely-read blog at Techdirt.com (Techdirt), which for over 25 years has been chronicling developments in technology law and policy and their convergence with civil liberties.  I am also the founder and editor of Techdirt.  I make this declaration from personal knowledge and a review of Techdirt's and Floor64's records kept in the ordinary course of business.  I submit this declaration as a supplement to my February 15, 2023 declaration in support of NetChoice's motion for a preliminary injunction against enforcement of AB 2273.

2. In my 2023 declaration, I discussed the ways in which the provisions of AB 2273 threatened Techdirt's ability to operate and publish content.

3. I understand that this Court granted NetChoice's motion and issued a preliminary injunction against enforcement of AB 2273 but that, on appeal, the Ninth Circuit Court of Appeals partially vacated that order and remanded the case for further consideration regarding certain of the provisions of AB 2273.  In particular, I understand that the Ninth Circuit held that the provisions of AB 2273 related to the requirement that certain businesses prepare "Data Protection Impact Assessments" (DPIAs) was facially unconstitutional and should be enjoined but vacated the injunction as to the other challenged provisions pending further analysis.

4. I am relieved that the Ninth Circuit recognized that the DPIA requirement was unconstitutional, as compliance with that requirement was infeasible for Techdirt and would have jeopardized Techdirt's ability to continue publishing content available to readers in California.  But the other provisions of AB 2273 still raise many of the same problems for Techdirt and thus put Techdirt's ability to publish at same risk.  I highlight a few of the most serious problems in this declaration.

5. **Definition of Covered Businesses.**  AB 2273 (even with the DPIA provisions removed) still reaches Techdirt, and as such imposes a number of burdens.  These burdens hinge on whether websites choose to publish content that, in the eyes of California regulators, is "likely to be accessed by children," where "children" defined to include everyone from ages 0-18.

6. As I explained in my 2023 declaration, readers under 13 are forbidden from creating

2

MASNICK SUPP. DECL. ISO MOT. FOR PRELIM. INJ.
Case No. 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

a registered Techdirt account. But many topics covered by Techdirt's reporting—which includes online harassment, school censorship, and social media usage—are particularly relevant to teenage users. To avoid the burdens of—and potential penalties for non-compliance with—the many provisions of AB 2273, Techdirt would have either have to exclude these readers, which, as discussed below, is not possible, or cease publishing material on these subjects. The end result would be severe self-censorship of Techdirt's reporting and commentary.

7. ***Age Estimation.*** Among other compliance difficulties, the statute still imposes an obligation to "[e]stimate the age of child users with a reasonable level of certainty appropriate to the risks that arise from the data management practices of the business or apply the privacy and data protections afforded to children to all consumers." In my 2023 declaration, I detailed the many burdens and logistical problems with this requirement, including that complying with it would be prohibitively expensive and would perversely require that Techdirt collect far more private data from its readers than it does now. The requirement would also undermine Techdirt's purposeful choice to facilitate discussion on the important issues covered by Techdirt while remaining anonymous. *See* Prior Declaration ¶¶ 11-13. The absence of the DPIA requirement does not remove the "age estimation" obligation, nor the burdens it imposes. It would therefore chill Techdirt's ability to publish and to facilitate further discussion, including anonymous discussion.

8. I am aware that AB 2273 would theoretically excuse a website from estimating the age of its users by "apply[ing] the privacy and data protections afforded to children to all consumers." But AB 2273 defines and discusses "data protections" in extremely broad terms that depend on the nature of content, including whether material on a website would "harm children" or expose them to "harmful, or potentially harmful content." My only alternative to age-estimation is to censor content for all users.

9. ***Data Collection, Retention, Processing, and Use.*** Even without this express age-estimation requirement, other provisions of the Act effectively require Techdirt to know the ages of its readers before it can publish content available for them to read. For example, §§ 1798.99.31(b)(1)-(4) and (b)(7) restrict online providers from collecting, using, processing,

3

MASNICK SUPP. DECL. ISO MOT. FOR PRELIM. INJ.
Case No. 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

sharing and retaining any information of a minor user if such use is "materially detrimental" to the child or unless such use "is in the best interests of children." Although Techdirt does not currently collect user data for advertising or feature any display advertising, it should have the right and ability to include advertising, and it does still collect limited user data that it must share with third parties for the site to be functional. I don't know whether the use and/or sharing of the data needed to permit site functionality would be considered "materially detrimental" or "in the best interests of children" by California regulators, which leaves Techdirt exposed to potential liability if it does not implement a costly and invasive age-verification system to prevent access by teenage readers.

10. **Effect of Cure Provision Injunction.** Though I welcome the Court's order preliminarily enjoining the DPIA requirements overall, by enjoining only part of the statute and not all of it publishers are actually in a worse position than they were before. The injunction had the effect of removing the provision that allowed services that submitted DPIAs to "cure" any violations of the statute before the State initiated enforcement action. But because many of the bill's mandates and prohibitions remain in place, Techdirt now has no ability to avoid penalties if a regulator determines that it is not in compliance with the still-vague and overbroad requirements of AB 2273—not even self-censorship.

11. Thus, although the removal of the DPIA requirement helps mitigate some of the burdens of AB 2273—and eliminated one of the most obviously problematic aspects of the statute—AB 2273 still imposes potentially ruinous and silencing burdens on Techdirt's ability to operate and publish its reporting and commentary.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 31st day of October, 2024, in Redwood City, CA.

*Michael Masnick*

Michael Masnick

4

MASNICK SUPP. DECL. ISO MOT. FOR PRELIM. INJ.
Case No. 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899