Jason Harrow (SBN 308560)
jason@gerstein-harrow.com
GERSTEIN HARROW, LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
Tel: (323) 744-5293

Ariel Fox Johnson (*pro hac vice pending*)
ariel@dslpconsulting.com
DIGITAL SMARTS LAW & POLICY, LLC
16781 Chagrin Blvd. #536
Shaker Heights, OH 44120

*Attorneys for Proposed Amicus Curiae*
*Common Sense Media*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE, LLC, d/b/a NetChoice,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity,<br><br>Defendant. | Case No. 5:22-cv-08861-BLF<br><br>**MOTION OF COMMON SENSE MEDIA FOR LEAVE TO SUBMIT BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANT**<br><br>Hearing Date: January 23, 2025<br>Time: 9:00 a.m.<br>Dept: 3<br>Judge: Hon. Beth Labson Freeman<br><br>Action Filed: December 14, 2022 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Common Sense Media ("Common Sense"), respectfully moves for leave to file a brief as *amicus curiae* in support of Defendant's Opposition to Plaintiff's Second Motion for Preliminary Injunction. The proposed *amicus curiae* brief is attached to this application as Exhibit A. Plaintiff does not oppose, and Defendant consents to, the filing of this brief.

## **STATEMENT OF INTEREST**

Common Sense Media ("Common Sense") is a nonpartisan, nonprofit organization dedicated to improving the lives of kids and families by providing the trustworthy information, education, and independent voice they need to thrive. Common Sense has been studying children and teens' relationships with social media and technology, and the impacts of such relationships, for over a decade. For example, most recently Common Sense has detailed how social media can amplify pressure and stress teens feel along a variety of metrics (e.g. achievement, appearance, friendship), how children and teens struggle to set healthy boundaries with technology (including missing sleep) given constant notifications from apps and the pull of devices, and how more teens view features like location sharing and public accounts negatively vs. positively. Common Sense has studied age assessment, publishing a whitepaper this fall considering the current landscape of age assurance, technologically, legislatively, and in industry practice, and examining ways to develop age assurance practices and rules that are privacy protective, proportionate, fair, and equitable—and that satisfy U.S. constitutional concerns.

Common Sense has advocated for policy solutions at the state and federal level that would help enable a digital world where all kids can thrive. Common Sense was a co-sponsor of the California Age Appropriate Design Code Act (CAADCA). Based on Common Sense's years of experience, both in terms of understanding technology's effects on children and in developing legislative proposals to protect them online, *amicus* believes that design codes like the CAADCA help ensure children are protected in the digital world. And Common Sense

1    believes that these codes, focused on product features and privacy protections, and not on
2    access to content and services, offer protective approaches consistent with the First
3    Amendment. This includes the CAADCA's requirement to "[e]stimate the age of child users
4    with a reasonable level of certainty appropriate to the risks that arise from the data management
5    practices of the business or apply the privacy and data protections afforded to children to all
6    consumers." Cal. Civ. Code § 1798.99.31(a)(5). Ultimately, Common Sense's interest is
7    ensuring that this Court's judgment about the CAADCA, and specifically the age estimation
8    provisions, is based on a thorough understanding of the current landscape of technology,
9    regulation, and children's experiences.

## ARGUMENT

Common Sense's proposed brief, attached here as Exhibit A, offers important context as this Court considers Plaintiff's second motion for a preliminary injunction. *Amicus* addresses one key issue: the age assurance provisions, and whether they impact protected speech. *Amicus* offers a unique perspective on these issues based on its deep expertise with children's experiences with technology, children's privacy laws, and evolving age assurance practices. Common Sense's proposed brief details the full range of age assurance practices and the numerous purposes for which age assurance can be used, including many which, like the CAADCA, do not on their face limit access to content or impact speech. The proposed brief also explains how, given the variety of age assurance forms and purposes, it is critical to consider the specific factual details of each application of age assurance.

This Court has broad power to accept amicus briefs, so long as the brief "is useful or otherwise desirable to the court." *California by and through Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). An amicus's "classic role" is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). Courts in this District have long accepted amicus briefs in circumstances like this one, where the proposed amicus can offer "unique information

or perspective that can help the court." *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (citations omitted). Here, proposed *Amicus* is a non-profit organization with specific expertise in the issues pending before this Court. Common Sense can offer a unique perspective that should prove useful. Especially in light of the lack of opposition by either Party, proposed *Amicus* respectfully requests that the Court grant the application to proceed as *Amicus Curiae*.

## CONCLUSION

Accordingly, *Amicus* respectfully request that this Court grant leave to file the attached brief.

Dated: December 13, 2024                    Respectfully submitted,

By: */s/* Jason Harrow

Jason Harrow (SBN 308560)
jason@gerstein-harrow.com
GERSTEIN HARROW, LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
Tel: (323) 744-5293

Ariel Fox Johnson (*pro hac vice pending*)
ariel@dslpconsulting.com
DIGITAL SMARTS LAW & POLICY LLC
16781 Chagrin Blvd., #536
Shaker Heights, OH 44120

*Attorneys for Proposed Amicus Curiae Common Sense Media*

# CERTIFICATE OF SERVICE

The undersigned certifies that on December 13, 2024, the **MOTION OF COMMON SENSE MEDIA FOR LEAVE TO SUBMIT A BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANT** and attachments were filed with the Clerk of the U.S. District Court for the Northern District of California using the Court's CM/ECF system.

Dated: December 13, 2024              By: */s/* Jason Harrow

                                                   Jason Harrow (SBN 308560)
                                                   jason@gerstein-harrow.com
                                                   GERSTEIN HARROW, LLP
                                                   12100 Wilshire Blvd. Ste. 800
                                                   Los Angeles, CA 90025
                                                   Tel: (323) 744-5293

                                                   Ariel Fox Johnson (*pro hac vice pending*)
                                                   ariel@dslpconsulting.com
                                                   DIGITAL SMARTS LAW & POLICY LLC
                                                   16781 Chagrin Blvd., #536
                                                   Shaker Heights, OH 44120

                                                   *Attorneys for Proposed Amicus Curiae Common Sense Media*

MOT. OF EPIC, RESET TECH, FRANCES HAUGEN, AND FORMER GOV. OFFICIALS TO SUBMIT *AMICI CURIAE* BRIEF       CASE NO. 5:22-CV-08861-BLF

-4-