Meetali Jain (SBN 214237)
Melodi Dincer
meetali@techlawjustice.org
TECH JUSTICE LAW PROJECT
660 Pennsylvania Ave. SE, Suite 303
Washington, DC 20003

Mihir Kshirsagar
CENTER FOR INFORMATION TECHNOLOGY
POLICY
Princeton University
305 Sherrerd Hall
Princeton, NJ 08540

*Attorneys for Proposed Amici Curiae
Design Researchers and Practitioners*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE, LLC, d/b/a NetChoice,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity,<br><br>　　　　　　Defendant. | Case No. 5:22-cv-08861-BLF<br><br>**MOTION OF DESIGN RESEARCHERS AND PRACTITIONERS FOR LEAVE TO SUBMIT BRIEF AS AMICI IN SUPPORT OF DEFENDANT**<br><br>Hearing Date: January 23, 2025<br>Time: 9:00 a.m.<br>Judge: Hon. Beth Labson Freeman<br>Court: Courtroom 3, 5th Floor<br><br>Action Filed: December 14, 2022 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT the Design Researchers and Practitioners respectfully move for leave to file a brief as *amici curiae* in support of Defendant's Opposition to Plaintiff's Second Motion for Preliminary Injunction. The proposed *amici curiae* brief is attached to this application as Exhibit A. Defendant consents to and Plaintiff does not oppose the filing of this brief.

**STATEMENT OF INTEREST**

The Tech Justice Law Project (TJLP) is a legal initiative of Campaign for Accountability, a 501(c)(3) nonpartisan, nonprofit organization. TJLP works with a collective of legal experts, academics, policy advocates, digital rights organizations, and technologists to ensure that legal and policy frameworks are responsive to emergent technologies and their societal effects. TJLP advocates for better, safer, and more accountable digital spaces by convening a broad range of legal and technical expertise in numerous areas, including platform design, the First Amendment, and data-based consumer harms.

The Tech Policy Clinic is part of Princeton University's Center for Information Technology Policy ("CITP"), which works to understand and improve the relationship between technology and society. The CITP Clinic provides nonpartisan research, analysis, and commentary in the public interest. This brief is the product of a CITP Clinic project and reflects the views of numerous academics, researchers, and practitioners who study the behavior of online platforms and the effects they have on society at large. The below *amici* are represented in their individual capacities; the brief does not reflect the views of their affiliated institutions:

> Susan Benesch
> Faculty Associate and Founder, Dangerous Speech Project
> Berkman Klein Center for Internet & Society at Harvard University
>
> Gaia Bernstein
> Technology, Privacy, and Policy Professor of Law
> Co-Director, Institute for Privacy Protection
> Co-Director, Gibbons Institute for Law, Science, and Technology
> Seton Hall Law School

Glenn Chappell
Counsel and Appellate Chair
Tycko & Zavareei LLP

Brett Frischmann
The Charles Widger Endowed University Professor in Law, Business, and Economics
Villanova University Charles Widger School of Law

Ravi Iyer
Managing Director
University of Southern California Neely Center
Former Meta Product Manager

John Kindt
Professor Emeritus of Business Administration
University of Illinois Urbana-Champaign Gies College of Business

Jennifer King*
Privacy and Data Policy Fellow
Stanford Institute for Human-Centered Artificial Intelligence
*Dr. King is a member of California's Children's Data Protection Working Group but is acting purely in her personal capacity for this brief.

Kyle Langvardt
Assistant Professor of Law
University of Nebraska College of Law

Matthew Lawrence
Associate Professor of Law
Emory University School of Law

Greta McAnany
CEO, Blue Fever
Technologist and Youth Mental Health Advocate

Olivier Sylvain
Professor of Law
Fordham School of Law
Senior Policy Research Fellow
Knight First Amendment Institute at Columbia University

Zephyr Teachout
Professor of Law
Fordham School of Law

---

MOT. OF DESIGN RESEARCHERS AND PRACTITIONERS                    CASE NO. 5:22-CV-08861-BLF
TO SUBMIT *AMICI CURIAE* BRIEF

- 3 -

## ARGUMENT

*Amici*'s proposed brief, attached here as Exhibit A, offers important information as this Court considers Plaintiff's second motion for a preliminary injunction. *Amici* address the AADC's dark pattern provision, Cal. Civ. Code § 1798.99.31(7), and provide further clarity on what constitutes a dark pattern in interface design, the extent to which certain dark patterns may or may not affect expressive conduct, and the appropriate approach to discerning whether the First Amendment applies to a challenged dark pattern in the first case. *Amici* offer a unique perspective on these issues because of their deep expertise with dark patterns as researchers and practitioners in interface design and, more specifically, with the negative social impacts of manipulative design in digital products.

First, *Amici* describe what dark patterns are, gathering several different examples across various digital applications and services to demonstrate that all dark patterns involve interface designs that manipulate people, especially children, into taking actions they would otherwise refrain from to benefit the app or service provider. Second, *Amici* demonstrate California's legitimate and substantial interest in protecting minors specifically from dark patterns, providing recent sociotechnical and medical research on the widespread, negative effects of these manipulative design practices on youth. Lastly, *Amici* argue that the AADC's dark pattern provision is a reasonable means to protect minors from these practices, even when a dark pattern may incidentally affect some expressive conduct. *Amici* note that it is unsettled whether the First Amendment is implicated at all with design regulations and especially manipulative design prohibitions, like the AADC's, and argue that NetChoice's challenge is an as-applied one cloaked in the guise of a facial challenge—a strategic choice recently rejected by the U.S. Supreme Court.

This Court has broad power to accept amicus briefs, so long as the brief "is useful or otherwise desirable to the court." *California by and through Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). Courts in this District have long accepted amicus briefs in similar circumstances—that is, where the proposed amici offer

1  "unique information or perspective that can help the court beyond" what the parties provide
2  themselves. *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919,
3  925 (N.D. Cal. 2003) (cleaned up). Where, as here, proposed *Amici* are academics, researchers,
4  and practitioners with specific expertise in the issues pending before this court, they offer
5  unique perspective that should prove useful to the Court. Especially considering the lack of
6  opposition by either Party, proposed *Amici* respectfully request that the Court grant the
7  application to proceed as *Amici Curiae*.

## **CONCLUSION**

Accordingly, *Amici* respectfully request that this Court grant leave to file the attached brief.

Dated: December 13, 2024						Respectfully submitted,

										By: */s/ Meetali Jain*

										Meetali Jain (SBN 214237)
										Melodi Dincer
										meetali@techlawjustice.org
										TECH JUSTICE LAW PROJECT
										660 Pennsylvania Ave. SE, Suite 303
										Washington, DC 20003

										Mihir Kshirsagar
										CENTER FOR INFORMATION TECHNOLOGY POLICY
										Princeton University
										305 Sherrerd Hall
										Princeton, NJ 08540

										*Attorneys for Proposed Amici Curiae*
										*Design Researchers and Practitioners*

# CERTIFICATE OF SERVICE

The undersigned certifies that on December 13, 2024, the **MOTION OF DESIGN RESEARCHERS AND PRACTITIONERS FOR LEAVE TO SUBMIT A BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANT** and attachments were filed with the Clerk of the U.S. District Court for the Northern District of California using the Court's CM/ECF system.

Dated: December 13, 2024                By: */s/ Meetali Jain*

                                                          Meetali Jain (SBN 214237)
                                                          Melodi Dincer
                                                          meetali@techlawjustice.org
                                                          TECH JUSTICE LAW PROJECT
                                                          660 Pennsylvania Ave. SE, Suite 303
                                                          Washington, DC 20003

                                                          Mihir Kshirsagar
                                                          CENTER FOR INFORMATION TECHNOLOGY POLICY
                                                          Princeton University
                                                          305 Sherrerd Hall
                                                          Princeton, NJ 08540

                                                          *Attorneys for Proposed Amici Curiae*
                                                          *Design Researchers and Practitioners*