1  Alan Butler (SBN 281291)
2  butler@epic.org
   ELECTRONIC PRIVACY INFORMATION CENTER
3  1519 New Hampshire Avenue NW
   Washington, DC 20036
4  Tel: 202.483.1140

5  *Attorney for Proposed Amicus Curiae*
   *Electronic Privacy Information Center*
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                            SAN JOSE DIVISION

10 | NETCHOICE, LLC, d/b/a NetChoice, | Case No. 5:22-cv-08861-BLF |
   |---|---|
11 | Plaintiff, | **MOTION OF ELECTRONIC PRIVACY INFORMATION CENTER FOR LEAVE TO SUBMIT BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT** |
12 | v. | |
13 | ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity, | |
14 | | Hearing Date: January 23, 2025 |
15 | Defendant. | Time: 9:00 a.m. |
   | | Judge: Hon. Beth Labson Freeman |
   | | Court: Courtroom 3, 5th Floor |
16 | | Action Filed: December 14, 2022 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT the Electronic Privacy Information Center ("EPIC") respectfully moves for leave to file a brief as *amicus curiae* in support of Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction. The proposed *amicus curiae* brief is attached to this application as Exhibit A. Defendant consents to the filing of this brief. Plaintiff does not oppose.

## STATEMENT OF INTEREST

The Electronic Privacy Information Center ("EPIC") is a public interest research center in Washington, D.C., established in 1994 to focus public attention on emerging privacy and civil liberties issues. EPIC regularly participates as *amicus* in cases concerning the First Amendment implications of platform regulation. See EPIC, *The First Amendment* (2024).[1]

*Amicus* recognizes the need for guardrails in the design of online platforms. Kids are especially vulnerable to harms online and deserve special protections. *Amicus* believes that the Age Appropriate Design Code's data protection provisions, which address the risks to children that arise from harmful data practices that threaten kids' privacy and maximize the amount of time they spend online, is a sensible and effective means of confronting these practices.

*Amicus* has decades of experience evaluating state and federal legislative proposals to regulate the internet, and *Amicus* believes that the AADC's approach to tech regulation is consistent with the First Amendment. *Amicus* is wary of regulations that would censor online speech, but also wary of overbroad First Amendment arguments that short-circuit democratic decision making by mislabeling harmful conduct as protected speech. The Supreme Court shares these concerns, which is why it carefully reiterated the proper method for a facial First Amendment challenge in its *NetChoice v. Moody* decision. NetChoice's arguments in the present case fail to heed the Supreme Court and Ninth Circuit's instructions.

---

[1] https://epic.org/issues/platform-accountability-governance/the-first-amendment-and-platform-regulation/.

  *Amicus*'s ultimate interest here is ensuring that the Court's decision about NetChoice's challenge to the AADC reflects the important limits set by the Supreme Court on First Amendment challenges to regulation and is based on a concrete understanding of how the data protections at issue actually work.

## ARGUMENT

  *Amicus*'s proposed brief, attached here as Exhibit A, offers important context as this Court considers Plaintiff's motion for a preliminary injunction. *Amicus* addresses the specific provisions of the AADC in the context of Plaintiff's argument that they inhibit expressive activity, informed by *Amicus*'s specific expertise with privacy regulations, free speech, and the underlying technologies at issue.

  This Court has broad power to accept amicus briefs, so long as the brief "is useful or otherwise desirable to the court." *California by and through Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). Courts in this District have long accepted amicus briefs in similar circumstances—that is, where the proposed amicus offers "unique information or perspective that can help the court beyond" what the parties provide themselves. *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (cleaned up). Where, as here, proposed *Amicus* is a non-profit organization with specific expertise in the issues pending before this court, an *amicus curiae* brief offers a unique perspective that should prove useful to the Court. Especially in light of the lack of opposition by either Party, proposed *Amicus* respectfully requests that the Court grant the application to proceed as *Amicus Curiae*.

# CONCLUSION

Accordingly, *Amicus* respectfully request that this Court grant leave to file the attached brief.

Dated: December 13, 2024                    Respectfully submitted,

By: */s/ Alan Butler*

Alan Butler (SBN 281291)
butler@epic.org
ELECTRONIC PRIVACY INFORMATION CENTER
1519 New Hampshire Avenue NW
Washington, DC 20036
Tel: 202.483.1140

*Attorney for Proposed Amicus Curiae Electronic Privacy Information Center*

# CERTIFICATE OF SERVICE

The undersigned certifies that on December 13, 2024, the **MOTION OF ELECTRONIC PRIVACY INFORMATION CENTER TO SUBMIT A BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANT** and attachments were filed with the Clerk of the U.S. District Court for the Northern District of California using the Court's CM/ECF system.

Dated: December 13, 2024     By: /s/ Alan Butler

Alan Butler (SBN 2812891)
butler@epic.org
Electronic Privacy Information Center
1519 New Hampshire Avenue NW
Washington, DC 20036
Tel: 202.483.1140

*Attorney for Proposed Amicus Curiae Electronic Privacy Information Center*