AMBIKA KUMAR (*pro hac vice*)
  ambikakumar@dwt.com
BIANCA CHAMUSCO (*pro hac vice*)
  biancachamusco@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8030

ADAM S. SIEFF (CA Bar No. 302030)
  adamsieff@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800

DAVID M. GOSSETT (*pro hac vice*)
  davidgossett@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200

ROBERT CORN-REVERE (*pro hac vice*)
  bob.corn-revere@thefire.org
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
700 Pennsylvania Avenue SE, Suite 340
Washington, D.C. 20003
Telephone: (215) 717-3473

Attorneys for Plaintiff
NETCHOICE, LLC d/b/a NetChoice

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE, LLC d/b/a NetChoice,<br><br>        Plaintiff,<br><br>    v.<br><br>ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity,<br><br>        Defendant. | Case No. 5:22-cv-08861-BLF<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SECOND PRELIMINARY INJUNCTION**<br><br>Date:    January 23, 2025<br>Time:    9:00 AM<br>Dept.:   Courtroom 3 – 5th Floor<br><br>Action Filed: December 14, 2022 |

NETCHOICE'S SUPP. BR. ISO SECOND PRELIMINARY INJUNCTION
Case No. 5:22-cv-08861-BLF

*Arizona Attorneys for Criminal Justice v. Mayes*, 2025 WL 272242 (9th Cir. 2025), concerned a facial challenge to invalidate a statute in *all* applications, even though the plaintiffs did not dispute the constitutionality of the statute's "primary" applications. The case has no bearing where, as here, a plaintiff seeks to enjoin only specific applications of a statute.

Courts evaluating a facial challenge must measure a law's "applications [that] violate the First Amendment" against "the rest." *Moody v. NetChoice, LLC*, 603 U.S. 707, 725 (2024). The "rest" is not always all applications of a statute (or statutory provision), and instead depends on "the breadth of the remedy" sought. *Citizens United v. FEC*, 558 U.S. 310, 331 (2010). Thus, the possibility that a law violates the First Amendment "only in some cases" does not foreclose facial relief; it merely limits the "relief to which [the plaintiff is] entitled." *Isaacson v. Horne*, 716 F.3d 1213, 1230 (9th Cir. 2013). *See* Mot. at 14; Reply at 7; *see also United States v. Supreme Ct. of N.M.*, 839 F.3d 888, 916 (10th Cir. 2016) ("analysis does not attempt to assay the constitutional validity of all or virtually all of the applications of the challenged provision," just "the subset of applications targeted by the plaintiffs' substantive claim"). If a plaintiff seeks to enjoin *all* applications of a statute, the court analyzes whether the impermissible applications are substantial across *all* applications. But if a plaintiff seeks to enjoin only *a category* of applications, the court confines its analysis of impermissible and permissible applications to that *category*. In other words, the court applies the *Moody* analysis to the challenged range, and only within that range.

A different rule would not make sense. It would enable governments to "insulate" even clearly unconstitutional applications from targeted facial challenge by nesting them within broad provisions with many other applications. *Cf. NetChoice LLC v. Bonta*, 113 F.4th 1101, 1117 (9th Cir. 2024) (holding the State could not similarly "insulate a specific provision of law from facial challenge under the First Amendment by bundling it with other" provisions).

The plaintiffs in *Arizona Attorneys* sought to enjoin all applications of the relevant provision. With the exception of § 31(a)(5), NetChoice does not. *See* Mot. 19-20; Reply 13. This distinction is critical.

*Arizona Attorneys* concerned a statute requiring criminal defense attorneys to initiate contact with victims through the prosecutor's office. 2025 WL 272242 at *1-2. The statute

1

NETCHOICE'S SUPP. BR. ISO SECOND PRELIMINARY INJUNCTION
Case No. 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

expressly concerns a "defendant's request for an interview." *Id.* at *1 (quoting statute). But the plaintiffs did not argue these "primary applications"—to interview requests—were unconstitutional, only that the statute was unconstitutional as applied to "requests for *non-interview* contacts." *Id.* Despite this, the plaintiffs sought an order enjoining the statute "in *all* its applications." *Id.* at *1 (emphasis added); *see* Second Am. Compl. at 20 ¶¶ A, B (seeking declaration that "A.R.S. § 13-4433(B) violates the First Amendment" and order "enjoin[ing] [defendants] from enforcing A.R.S. § 13-4433(B)"). The court therefore considered whether the statute's allegedly impermissible applications (non-interview requests) were substantial compared to *all* the law's applications—including the unchallenged "primary" applications to interview requests—and found they were not. The facial challenge "as framed" failed. *Id.* at *2.

Here, in contrast, NetChoice has framed its challenges more narrowly, and only seeks relief from discrete applications of the Individual Provisions:

| Text of Statute | Scope of Facial Injunctive Relief Requested |
|---|---|
| § 31(a)(9): "Enforce published terms, policies, and community standards established by the business..." | "…to the extent that section applies to covered services' **content policies and community standards**." FAC, Prayer ¶ 5; Reply 15. |
| § 31(b)(1): "Use the personal information of any child in a way that the business … has reason to know, is materially detrimental…" | "…to the extent they apply to covered services' use of personal information **to publish content or to make information available**." FAC, Prayer ¶ 6; Reply 17. |
| § 31(b)(2): "Profile a child by default unless…" | |
| § 31(b)(3): "Collect, sell, share, or retain any personal information that is not necessary to provide an online service…" | "…to the extent that section applies to covered services' retention, sale, and sharing of personal information **to publish content or to make information available**." FAC, Prayer ¶ 7; Reply 17. |

NETCHOICE'S SUPP. BR. ISO SECOND PRELIMINARY INJUNCTION
Case No. 5:22-cv-08861-BLF

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

| Text of Statute | Scope of Facial Injunctive Relief Requested |
|---|---|
| § 31(b)(4): "use personal information for any reason other than a reason for which [it] was collected, unless…" | "…to the extent [it] appl[ies] to covered services' use of personal information *to publish content or to make information available*." FAC, Prayer ¶ 6; Reply 17. |
| § 31(b)(7): "Use dark patterns to lead or encourage children to provide personal information… or to take any action that the business knows, or has reason to know, is materially detrimental…" | "…to the extent that section applies to covered services' use of *recommendation algorithms, continuous scroll, autoplay*, and other *design features that organize content*." FAC, Prayer ¶ 8; Reply 20 (all emphases added) |

NetChoice's narrower request for relief makes all the difference. *See Isaacson*, 716 F.3d at 1230. It means the question is not whether the impermissible applications of the Individual Provisions are substantial compared to their legitimate sweep across all applications. Rather, the question is whether the provisions' impermissible applications are substantial within the universe of applications *that NetChoice seeks to have enjoined*. So, for example, the Court need not analyze the dark patterns prohibition in § 31(b)(7) across all possible applications; the Court need only assess the impermissible applications and legitimate sweep of the prohibition as applied to "recommendation algorithms, continuous scroll, autoplay, and other design features that organize content." The requested injunction would have no effect on other applications.

NetChoice has satisfied this standard, showing that the impermissible applications of § 31(a)(9), (b)(1)-(4) and (7) vastly exceed the legitimate sweep (if any) within the range of applications NetChoice challenges. *Compare, e.g.*, *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 617-18 (2021) (holding disclosure statute facially overbroad to the extent applied to one type of tax schedule, since applications within that range were unconstitutional "in every case"), *with John Doe #1 v. Reed*, 561 U.S. 186, 194, 202 (2010) (rejecting facial challenge to Washington Public Records Act's application "to referendum petitions in general," but only because plaintiffs failed to show the law had substantial unconstitutional applications to such petitions—not because their challenge was "as applied").

NETCHOICE'S SUPP. BR. ISO SECOND PRELIMINARY INJUNCTION
Case No. 5:22-cv-08861-BLF

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

DATED: January 31, 2025

DAVIS WRIGHT TREMAINE LLP

By: */s/ Ambika Kumar*
        Ambika Kumar

Attorneys for Plaintiff
NetChoice, LLC, d/b/a NetChoice

NETCHOICE'S SUPP. BR. ISO SECOND PRELIMINARY INJUNCTION
Case No. 5:22-cv-08861-BLF

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
Tel: (213) 633-6800
Fax: (213) 633-6899