ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General
KRISTIN A. LISKA
Deputy Attorney General
State Bar No. 315994
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3916
 Fax:  (415) 703-5480
 E-mail:  Kristin.Liska@doj.ca.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **NetChoice, LLC,**<br><br>                              Plaintiff,<br><br>        **v.**<br><br>**Rob Bonta, in his official capacity as**<br>**Attorney General of the State of California,**<br><br>                              Defendant. | Case No. 5:22-cv-08861-BLF<br><br>**SUPPLEMENTAL BRIEF PURSUANT**<br>**TO COURT'S JANUARY 23 ORDER**<br><br>Date:          January 23, 2025<br>Time:         9:00 a.m.<br>Dept:          3<br>Judge:        The Honorable Beth Labson<br>                    Freeman<br>Trial Date:   Not scheduled<br>Action Filed: 12/14/2022 |

Defendant Attorney General Rob Bonta files this supplemental brief addressing *Arizona Attorneys for Criminal Justice v. Mayes*, No. 22-16728, 2025 WL 272242 (9th Cir. Jan. 23, 2025), pursuant to this Court's January 23, 2025 order.  The decision in *Arizona Attorneys* lays out the proper standard for analyzing a facial challenge like plaintiff raises here.  It makes clear that this Court must consider the full range of applications—including those not challenged by plaintiff—in addressing the constitutionality of each relevant subsection.  Under the proper standard as illustrated by *Arizona Attorneys*, plaintiff has not established a likelihood of success on its facial challenges.  It has not demonstrated that the unconstitutional applications of the relevant subsections substantially outweigh the constitutional ones (including the unchallenged or concededly constitutional ones).

The ruling in *Arizona Attorneys* clarifies the standard that applies to a facial challenge, which ordinarily requires that a plaintiff must "show that 'a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *Project Veritas v. Schmidt*, 2025 WL 37879, at *4 (9th Cir. Jan. 7, 2025) (en banc) (citation omitted) (quoting *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024)) (alteration in original). Like the plaintiffs in *Arizona Attorneys*, plaintiff here "do[es] more than challenge the constitutionality of how a law applies to [its members] in a particular case." 2025 WL 272242 at *1.  Rather, plaintiff seeks to enjoin the statute beyond simply its members' conduct. *See, e.g.*, Proposed Order at 3 ¶ 9.  As the ruling in *Arizona Attorneys* makes clear, plaintiff's challenge amounts to a facial challenge and, therefore, this Court must consider the *unchallenged* applications of the relevant subsections as well as the challenged ones.  2025 WL 272242 at *6. Such applications "are properly considered lawful for purposes of" this analysis. *Id.*  Yet plaintiff has failed to demonstrate that, as to each challenged statutory provision, the unconstitutional applications substantially outweigh the constitutional ones, including the unchallenged applications.

Plaintiff may contend that the standard from *Arizona Attorneys* does not apply here, relying on the ruling in *John Doe No. 1 v. Reed*, 561 U.S. 186 (2010).  But *John Doe No. 1* does not negate the need to consider *unchallenged* applications when ruling on a facial challenge.

1

Although the Supreme Court did not consider the applications of the challenged statute to government documents other than referendums in *John Doe No. 1*, the Court nonetheless considered the application of the statute to *other referendum petitions* than the petition plaintiffs sought to prevent the release of or similar controversial referendum petitions. *See id.* at 200-201. Indeed, it was the plaintiffs' failure to put forth an evidentiary record showing any harms beyond the "burdens they assert disclosure would impose on [them] or the signers of other similarly controversial petitions" that led the Court to reject their facial challenge. *Id.* at 200. So, too, has plaintiff here failed to put forth evidence demonstrating any harms beyond the vague range of applications that it contends are unconstitutional, including from any unchallenged or concededly constitutional applications.

Further underscoring the propriety of applying the standard laid out in *Arizona Attorneys*, unlike in *John Doe No. 1*, plaintiff here has not defined a discrete, clear application of the relevant subsections that it seeks to challenge or enjoin. Instead, plaintiff asks this Court to, for example, enjoin the four challenged data protection provisions "to the extent those sections apply to covered services' use, retention, sale, and sharing of personal information to publish content or to make information available," Proposed Order at 3 ¶ 9, without providing any clarity as to the extent such applications even exist or what they entail. Plaintiff could have raised a discrete challenge like that in *John Doe No. 1*, such as challenging the specific application of the relevant subsections to social media platforms like Facebook or to the organization of content on a user's timeline. Instead, plaintiff seeks what is essentially an injunction of the statute as applied to the conduct that its members wish to undertake—that is an effective as-applied challenge. As this Court recognized at the hearing, plaintiff cannot smuggle an as-applied challenge in via a facial challenge.

This Court should therefore consider the full range of applications of each challenged subsection, just as the Ninth Circuit held proper in *Arizona Attorneys*. To instead look only to the conduct that plaintiff's members wish to undertake—an unspecified range of applications not at all like the clear, easily-definable application of a statute to all referendum petitions—would allow plaintiff to short-circuit its burden by masquerading its as-applied challenge as a facial

2

challenge. And it would effectively allow plaintiff to argue that the range of applications it seeks to enjoin is "the unconstitutional ones," a circular argument that would result in an unworkable, unclear order. Without a clear and specific application of the statute that is enjoined, any order would lack the needed specificity to allow defendant to follow it, this Court to administer it, and non-parties to take guidance from it. For all the reasons explained in defendant's briefing and at the hearing, plaintiff has failed to meet its burden to show a likelihood of success on its facial claim, particularly under the standard required by *Arizona Attorneys*.

Dated:  January 31, 2025                                    Respectfully submitted,

ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Kristin Liska*

KRISTIN A. LISKA
Deputy Attorney General
*Attorneys for Defendant*

3

**CERTIFICATE OF SERVICE**

Case Name:      *NetChoice, LLC v. Rob Bonta*

Case No.:       **5:22-cv-08861-BLF**

I hereby certify that on <u>January 31, 2025</u>, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**"SUPPLEMENTAL BRIEF PURSUANT TO COURT'S JANUARY 23 ORDER"**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished electronically by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct.

Executed on <u>January 31, 2025</u>, at San Francisco, California.

<table>
<tr><td>Vanessa Jordan<br>Declarant</td><td><i>Vanessa Jordan</i><br>Signature</td></tr>
</table>